IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-01498-RBJ-CBS

MARK WEAVER and TIFFANY WEAVER,

    Plaintiffs,

v.

BB&T MORTGAGE,
ROBERT J. JOPP & ASSOCIATES,
THE HOPP LAW FIRM,
ROBERT J. HOPP, ESQ., #26818,
NEAL J. VALORZ, ESQ., #42496,
NATHAN S. SILVER, ESQ., #28836,
ANNA MARIA PETERS-RUDDICK,
ARAPAHOE COUNTY PUBLIC TRUSTEE,

    Defendants.

## MINUTE ORDER

Entered by Judge R. Brooke Jackson

    1. The Court denies the plaintiffs' motion at docket #5. The Court would not consider granting such a motion before the defendant is served and given an opportunity to respond. In any event, to the Court's knowledge it has no authority to enjoin a state court foreclosure proceeding.

    2. The Court sua sponte strikes the Complaint for failure to state a "short and plain" statement of the claim as required by Rule 8(a) of the Federal Rules of Civil Procedure. The Court grants plaintiffs leave to amend and file a complaint that does comply. The Court realizes that plaintiffs are representing themselves pro se, and that they are probably not well acquainted with the rules of procedure. The Court construes pro se pleadings more liberally than pleadings

filed by attorneys.  Nevertheless, pro se parties are required to follow the rules.  This complaint, which appears to the Court to have been derived from some other source, does not indicate, in a clear and understandable manner, what legal claim plaintiffs are asserting.  Paragraphs 1 through 17 consist of a list of facts followed by "offense descriptions," but there is no identification of what legal wrong defendants committed.  Then, the complaint vaguely asserts violations of federal securities laws (without identify which securities law or how it was violated), the federal Truth in Lending Act, again without explaining how each defendant violated that statute, and federal racketeering laws (RICO), without stating with particularity how RICO was violated.  The complaint quotes various lines from reported cases, which is not appropriate in a complaint.  It refers to the complaint as a criminal complaint, which it is not.  I am not saying that plaintiffs do not have a claim.  The Court expresses no opinion at this time as to the possible merits of the case.  However, it appears to this Court from a flurry of recent similar filings that people who have lost or are losing their homes to foreclosure, due to inability to make mortgage payments, are turning to the Internet or to some non-lawyer advice giver for help, and that in turn they are filing complaints like this in federal court with little idea as to how or what they will do beyond filing the complaint.  I urge the plaintiffs to consult competent legal counsel for assistance if they can, but in any event, the complaint in its present form is stricken.

      DATED this 12th day of July, 2012.