IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-01498-RBJ-CBS

MARK WEAVER and TIFFANY WEAVER,

        Plaintiffs,

v.

BB&T MORTGAGE,
ROBERT J. JOPP & ASSOCIATES,
THE HOPP LAW FIRM,
ROBERT J. HOPP, ESQ., #26818,
NEAL J. VALORZ, ESQ., #42496,
NATHAN S. SILBER, ESQ., #28836,
ANNA MARIA PETERS-RUDDICK,
ARAPAHOE COUNTY PUBLIC TRUSTEE,

        Defendants.

_____

ORDER
_____

        The plaintiffs, representing themselves *pro se*, filed the complaint that initiated this case

on June 11, 2012.  This Court entered a minute order on July 12, 2012 [Docket #7].  In that order

the Court struck the plaintiffs' complaint [Docket #1] but granted them leave to file an amended

complaint.  The plaintiffs' filed a short response on July 15, 2012 [Docket #9] in which they

indicate they will be "entering a full response once they have had time to consult with their

counsel."  However, no amended complaint was filed, and on November 29, 2012 the Court

issued an Order giving the plaintiffs 15 days to show cause as to why the case should not be

dismissed for failure to prosecute [Docket #10].  To date, plaintiffs have made no attempt to

prosecute their case.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute…."  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

Prior to choosing dismissal as the appropriate sanction, the Court considers several factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  Plaintiffs have made no attempt to prosecute their case.  Plaintiffs have not participated in this matter since filing their response on July 16, 2012.  Notice that the complaint was stricken was received by plaintiffs, and no attempt was made to re-file or respond to the Court's order.

Accordingly, it is ordered that the case is DISMISSED without prejudice pursuant to Rule 41(b) for plaintiff's failure to prosecute and failure to comply with a court order.

DATED this 2nd day of January, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge